NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORI WALLENDER; DANIEL WALLENDER,

          Plaintiffs-Appellants,

  v.

HARNEY COUNTY; et al.,

          Defendants-Appellees.

No.    21-35238

D.C. No. 2:19-cv-00004-SU

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted May 13, 2022[**]
Portland, Oregon

Before:  CHRISTEN and SUNG, Circuit Judges, and RAYES,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

Lori and Daniel Wallender sued Harney County Assistant District Attorney Ryan Hughes under 42 U.S.C. § 1983, alleging Hughes violated their Fourth Amendment[1] rights by deceptively obtaining a grand jury indictment against them.[2] They appeal the district court's judgment dismissing their claim without leave to amend. We have jurisdiction under 28 U.S.C. § 1291. We review a dismissal for failure to state a claim de novo, and a denial of leave to amend for an abuse of discretion. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 572–73 (9th Cir. 2020). We affirm.

1. The district court properly dismissed the Wallenders' complaint against Hughes because prosecutors are absolutely immune from liability under § 1983 for seeking indictments before grand juries. *See Burns v. Reed*, 500 U.S. 478, 490 n.6 (1991); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912–13 (9th Cir. 2012); *Milstein v. Cooley*, 257 F.3d 1004, 1012 (9th Cir. 2001); *Herb Hallman Chevrolet, Inc. v. Nash-*

---

[1] The Wallenders' claim technically arises under the Fourteenth Amendment, "which incorporated the protections of the Fourth Amendment against the States." *Torres v. Madrid*, 141 S.Ct. 989, 997 (2021).

[2] The Wallenders sued several defendants but voluntarily dismissed their claims against all except Hughes and Harney County. The Wallenders' sole claim against Harney County alleged municipal liability under § 1983 and *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Yet the Wallenders' appellate briefs do not include any argument as to this claim. Their opening brief does not even identify it as an issue on appeal. Because we do not consider matters not distinctly raised and argued in the opening brief, *see Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009), this decision addresses only the claim against Hughes.

*Holmes*, 169 F.3d 636, 643 (9th Cir. 1999); *Sanders v. City and County of San Francisco*, 226 Fed. App'x 687, 690 (9th Cir. 2007).

2. The district court did not abuse its discretion in denying leave to amend because the Wallenders' proposed amendments are futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). The Wallenders attempt to evade absolute prosecutorial immunity by alleging that Hughes acted in an investigative role before the grand jury, rather than as an advocate, but their proposed amended complaint alleges no facts supporting this contention. To state a plausible claim to relief, a plaintiff must plead "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Wallenders' proposed amended complaint fails to clear this bar.

**AFFIRMED**